| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| ROOSEVELT JAMES BROUSSARD, § | |
| § | |
| Petitioner, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:08-CV-176 |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

# MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Roosevelt James Broussard, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the petition. The magistrate judge recommends the petition be dismissed as barred by the applicable statute of limitations.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

The magistrate judge concluded the applicable period of limitations began to run on August 13, 2005, 30 days after the intermediate appellate court dismissed petitioner's appeal. The period

of limitations then ran for 114 days until December 6, 2005, when petitioner filed a state application for writ of habeas corpus. The period of limitations was then tolled until March 16, 2006, when the state application was denied. The period of limitations began to run again and expired 251 days later, on December 5, 2006. As the current petition was not filed until March 26, 2008, the magistrate judge concluded the petition was barred by the applicable period of limitations.

While petitioner does not object to the time calculations of the magistrate judge, he states he is entitled to invoke the doctrine of equitable tolling because he did not learn that his state application for writ of habeas corpus had been denied until April 2007, approximately 11 months after the state application was actually denied.

Petitioner is not entitled to equitable tolling. The doctrine of equitable tolling should be applied only in cases presenting "rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claim when strict application of the statute of limitations would be inequitable." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted). However, in order for equitable tolling to apply, a petitioner must diligently pursue habeas relief. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). As indicated above, petitioner did not file his federal petition until approximately 11 months after he states he was informed his state application was denied. As a result, petitioner did not diligently pursue habeas relief, and he is not entitled to equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (holding that state

prisoner who waited more than four months after denial of his state writ to file his federal habeas petition was not entitled to equitable tolling).

Moreover, even if petitioner were entitled to equitable tolling, his petition would still be barred. Even if it is assumed that the period of limitations should have been tolled from December 6, 2005, when the state application was filed, until April 30, 2007, the latest date petitioner indicates he learned the application was denied, and between May 24, 2007, the date petitioner filed a second state application, and June 27, 2007, the date the second application was dismissed, the period of limitations would still have expired on February 11, 2008, 43 days before the current petition was filed.[1] As a result, petitioner's objections are without merit.

## ORDER

Accordingly, petitioner's objections to the Report and Recommendation are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered dismissing the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362

---

[1] The period of limitations would have originally run for 114 days, as described above. The period of limitations would have then run for an additional 23 days, between May 1, 2007, the day after the latest date petitioner could have been informed his first state application was denied, and May 24, 2007, the date petitioner filed his second state application. The period of limitations would then have expired on February 11, 2008, 228 days after June 27, 2007, the date petitioner's second state application was dismissed.

3

F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the petitioner has not shown that the issue of whether his claims are barred by the applicable statute of limitations is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 3rd day of November, 2008.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE